IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02423-PAB-KLM

OBSERVATORY PLACE LLC, a Delaware Limited Liability Company,
ALLEN J. ANDERSON, an individual, and
DANIEL P. MCCOY, an individual,

    Plaintiff,

v.

INTERSTATE FIRE & CASUALTY, an Illinois Corporation,

    Defendant.

## ORDER

This matter is before the Court on the Response to Order to Show Cause [Docket No. 8] filed by plaintiffs. In an October 14, 2010 Order to Show Cause, the Court required the plaintiffs to show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction. More specifically, the Court instructed plaintiffs to adequately establish the citizenship of plaintiffs Observatory Place, LLC, Allen J. Anderson, and Daniel P. McCoy.

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Plaintiffs invoke 28 U.S.C. § 1332(a)(1), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." As

specifically noted in the Order to Show Cause, the citizenship of a limited liability company ("LLC") is determined by the citizenship of all of its members. *See U.S. Advisor, LLC v. Berkshire Prop. Advisors*, No. 09-cv-00697-PAB-CBS, 2009 WL 2055206, at * 2 (D. Colo. July 10, 2009) (listing cases). Moreover, when an entity consists of multiple tiers of ownership and control, the entire structure must be considered for diversity purposes. *See U.S. Advisor, LLC*, 2009 WL 2055206, at * 2; *SREI-Miami, LLC v. Thomas*, No. 08-cv-00730-MSK-BNB, 2008 WL 1944322, at *1 (D. Colo. May 2, 2008); *see also Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006); *Turner Bros. Crane & Rigging, LLC v. Kingboard Chem. Holding Ltd.*, No. 06-88-A, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007); *cf. Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) ("[W]e reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members.").[1] Furthermore, a natural person is a citizen of the state in which he or she is domiciled, not necessarily where he or she resides. *See Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006). "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Id.* at 1260.

In response to the Order to Show Cause, plaintiffs claim that plaintiff Observatory Place, LLC is "a Delaware limited liability company authorized to do business in the State of Colorado, with an address in Colorado." Pl.'s Resp. at 2.

---

[1] In regard to any constituent corporation, its "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, --- U.S. ----, 130 S. Ct. 1181, 1192 (2010).

2

Plaintiffs further state that Observatory Holdings, LLC is the sole member of Observatory Place, LLC. In terms of the membership of Observatory Holdings, LLC, plaintiffs identify Pioneer Place Residences, LLC as the managing member. However, plaintiffs do not state that Pioneer Place, LLC is Observatory Holdings, LLC's sole member and therefore do not account for the entirety of Observatory Holdings, LLC's membership. Plaintiffs' statement that "all present and past members of Observatory Place are Delaware and/or Colorado residents" is not sufficient to explain the citizenship of each member in the entire structure of Observatory Place, LLC's ownership. *See* Pl.'s Resp. at 2.

In terms of the membership of Pioneer Place Residences, LLC, plaintiffs identify plaintiffs Allen J. Anderson and Daniel P. McCoy as each being "a managing member." Thus, plaintiffs do not adequately account for the citizenship of all of Pioneer Place, LLC's members. Moreover, as to the individual plaintiffs Anderson and McCoy, plaintiffs' response only states that they are "residing" in Colorado. It does not state that they are Colorado citizens.

Plaintiffs have been provided two opportunities to make an adequate showing of diversity jurisdiction, first in their complaint and then in their response to the Order to Show Cause, and have yet to do so. By simply providing a basis to conclude that all Observatory Place, LLC's members are "Colorado residents," plaintiff leaves the Court uncertain about its authority to proceed. Because "[i]t is well-established that statutes conferring jurisdiction upon the federal courts . . . are to be narrowly construed in light of our constitutional role as limited tribunals," *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005), this Court cannot proceed under diversity jurisdiction

without fully accounting for the citizenship of all the parties.  Such accounting has not occurred in the present case.  As a consequence, plaintiff's case must be dismissed. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

Therefore, it is

**ORDERED** that plaintiff's complaint [Docket No. 1] is DISMISSED due to this Court's lack of subject matter jurisdiction.

DATED November 23, 2010.

                                                BY THE COURT:

                                                s/Philip A. Brimmer
                                                PHILIP A. BRIMMER
                                                United States District Judge